# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| JOHNNY EUGENE TAYLOR | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | Case Nos.:  6:06-CV-8008-IPJ-TMP |
| | ) |               6:03-CR-259-IPJ-TMP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Johnny Eugene Taylor, was convicted in this court on February 5, 2004, on his plea of guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  He was sentenced on February 9, 2004, to a term of imprisonment for 180 months, to be followed by a 36-month term of supervised release.

Taylor filed a notice of appeal on February 9, 2004.  On appeal, he argued that his rights under the Speedy Trial Act were violated because the Government did not bring him to trial within the 70-day time limit contained in the Act.  *See* 18 U.S.C. § 3161(c)(1).  Specifically, Taylor argued that the district court erred in determining when the "speedy trial clock" began to run again after he filed a motion to have his

1

mental state evaluated.[1]  Taylor argued that the time to bring him to trial under the Speedy Trial Act began to run again 30 days after a psychiatric report addressing his competency was filed with the court.  The appellate court held that, under the provisions of Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Taylor had not preserved his Speedy Trial Act claims for appeal.  *United States v. Taylor*, No. 04-10686, slip. op. at 3 (11th Cir. Feb. 8, 2005).  However, the appellate court also held that, even if Taylor's Speedy Trial Act claims had been preserved for appeal, "no Speedy Trial Act violation has been shown" because "the speedy trial clock was tolled at least until the conclusion" of a hearing addressing Taylor's competency.  *Id.* at 4, 6.  Therefore, the appellate court affirmed Taylor's conviction and sentence on February 8, 2005.  *Id.* at 7.

Taylor has now filed a § 2255 motion to vacate, set aside, or correct his sentence.  In support of his motion, Taylor claims that his counsel was ineffective for the following reasons:

> 1) Counsel failed to properly raise a Speedy Trial Act violation both at the trial court and on appeal;

---

[1] 18 U.S.C. § 3161(h)(1)(F) excludes from Speedy Trial Act computations "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[,]" and 18 U.S.C. § 3161(h)(1)(A) excludes delay resulting from proceedings to determine the defendant's competency.

2) Counsel failed, both at the trial and appeal stages, to raise a claim that the United States and the State of Alabama colluded to violate the Interstate Agreement on Detainers Act (IADA); and

3) Counsel failed to request that Taylor's conditional plea be in writing; thus barring Taylor's IADA claims from being raised on appeal.

In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the claims are due to be dismissed because they are without merit. On March 28, 2006, the court entered an order advising the movant that the court deemed the case appropriate for summary disposition and advised Taylor that he was allowed an additional twenty (20) days to supply "any additional evidentiary materials or legal arguments he may wish to offer with regard to whether the motion is subject to summary disposition." In response, Taylor filed response in opposition to the court's order regarding summary disposition.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two

> components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice '*must be within the realm of competence demanded of attorneys representing criminal defendants*.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), cert. denied, 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant*, 697 F.2d 955, 962 (11th Cir. 1983), cert. denied, 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland*, 466 U.S. at 691-92. In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994)(citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)). In other words, "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell*, 506 U.S. at 369, 113 S. Ct. at 842. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 506 U.S. at 372; 113 S. Ct. at 844.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S. Ct. at 370-71; *United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Taylor first claims that defense counsel was ineffective due to his failure to properly raise a Speedy Trial Act violation with trial court and on appeal. Taylor was arrested by state authorities in Winston County, Alabama on March 26, 2002, and he was charged by the State of Alabama with first degree robbery in connection with a bank robbery. At the time of the arrest, Taylor was on federal supervised release in connection with a prior federal conviction. Therefore, he was turned over to federal authorities, and his supervised release was revoked on April 16, 2002. After the revocation, Taylor was transported to a federal jail facility in Memphis, Tennessee to carry out the remainder of the sentence on his prior federal conviction. However, the state charge for first degree robbery remained pending in the Winston County Circuit Court, and a detainer was lodged by Winston County authorities with the warden in Memphis. On September 12, 2002, Taylor filed a request for disposition

of the detainer under the provisions of the Interstate Agreement on Detainers Act ("IADA").[2] Taylor was not immediately removed to Winston County and he was never tried in state court for the bank robbery. On May 29, 2003, a grand jury for the Northern District of Alabama returned a one-count indictment charging Taylor with bank robbery.

Taylor claims that the federal government filed a complaint against him on April 2, 2002, for the bank robbery but dismissed the complaint on April 16, 2002, after consulting with state authorities. Essentially, Taylor argues that the federal government initially decided to prosecute him for the bank robbery and that it subsequently made a strategic decision to dismiss the pending complaint only to later file a second complaint against him for the robbery. Taylor claims that defense counsel was ineffective due to counsel's failure to "brief this very important fact into

---

[2]The Supreme Court has explained that the IADA

> provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer. The warden of the institution in which the prisoner is incarcerated is required to inform him promptly of the source and contents of any detainer lodged against him and of his rights to request final disposition of the charges. If the prisoner does make such a request, the jurisdiction that filed the detainer must bring him to trial within 180 days.

*United States v. Mauro*, 436 U.S. 340, 351, 98 S. Ct. 1834, 1842-43 (1978) (citations and footnote omitted).

his motion to dismiss [the indictment] and also failed to present the same fact on an appeal from the denial of that motion," and that had his counsel presented this fact with the motion to dismiss, the District Court would have concluded that the indictment was due to be dismissed because of a Speedy Trial Act violation. Movant's Grounds to Vacate, Set Aside, or Correct Sentence at 2.

There is no record of a complaint being filed against Taylor in April 2002. Taylor argues that "he has physically held a copy of the complaint and he offered it to the Court at the Motions Hearing before Judge Inge P. Johnson on January 5, 2004. The Court assigned an Exhibit #1 to the complaint." Movant's Resp. to Summ. Disposition Order at 2. However, Exhibit #1 from the January 5, 2004, hearing is not a federal complaint; rather, the exhibit is a FBI administrative report that states the following:

> This matter was opened on April 16, 2002 after receiving a complaint from the Winston County Sheriff's Office. The U.S. Attorney's Office for the Northern District of Alabama declined prosecution in favor of local prosecution ... The Taylor subject was on federal probation at the time of the robbery and was sent to Tennessee to serve out the remainder of his sentence. Taylor filed a request with the [state] court for a trial date within 180 days. The Winston County District Attorney contacted the U.S. Attorney and requested that due to the time constraint, Taylor be prosecuted in the Federal System.

Def.'s Ex. #1 to the July 5, 2004, Hr'g. However, even if the federal government had filed and dismissed a complaint against Taylor, his argument regarding the Speedy

8

Trial Act violation has no merit. The Speedy Trial Act requires that an indictment must be filed within thirty days from the date on which the individual was arrested or served with summons. 18 U.S.C. § 3161(b). "When a complaint is dismissed by the government and an indictment is later filed, section 3161(d)(1) governs the relevant time period." *U.S. v. Puett*, 735 F.2d 1331, 1333 (11th Cir. 1984). "[A]fter the dismissal of [a] complaint, the [Speedy Trial] Act's time limits run anew from the date of filing of the subsequent complaint or indictment." *Id.* 1333-34. Therefore, even if the government had filed and dismissed a complaint in April, 2002, related to the bank robbery, the Speedy Trial Act's time limit would start anew upon the subsequent grand jury indictment of May 29, 2003.

Taylor's counsel raised the Speedy Trial Act claims at the trial level and on appeal. Taylor cannot show that defense counsel's failure to raise meritless Speedy Trial Act claims fell below an objective standard of reasonableness. Further, Taylor cannot show that he was prejudiced by his counsel's failure to raise this argument given that it had no legal merit. Therefore, this claim is insufficient to establish that his counsel was constitutionally ineffective.

Second, Taylor claims that defense counsel was ineffective, both at the trial and appellate stages, for failing to raise the argument that the United States and the State of Alabama colluded to violate the IADA. The IADA "provides a means by which

9

a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges." *United States v. Mauro*, 436 U.S. 340, 351, 98 S. Ct. 1834, 1843 (1978). The IADA was invoked when Winston County authorities lodged a detainer with the warden at the federal correctional facility in Memphis where Taylor was being held. Consistent with the provisions of the IADA, Taylor filed a request for disposition of the detainer thereby requiring the State of Alabama to bring him to trial within 180 days. Taylor essentially claims that because the State of Alabama violated the IADA with respect to the state charge, that the federal government was also prohibited from bringing a prosecution for the bank robbery because the State of Alabama and the federal government were in "collusion." Taylor demanded resolution of the detainer lodged by *state authorities*; the United States did not lodge a detainer against Taylor. Therefore, the time provision of the IADA applied to the State of Alabama when it lodged a detainer with the warden at the federal correctional facility. However, the time provisions of the IADA did not apply to the federal government. *See U.S. Mauro*, 436 U.S. at 351, 98 S Ct. at 1843 ("the jurisdiction that filed the detainer must bring him to trial within the 180 days").

Taylor's claim that defense counsel was ineffective because he did not frame the IADA issue properly is without merit. Defense counsel raised the IADA issue at

the trial stage by a motion to dismiss and this court denied the motion. Taylor cannot show that he has been prejudiced by defense counsel's failure to raise the IADA argument in the manner he suggests given that the argument has no legal merit. This claim is insufficient to establish that his counsel was constitutionally ineffective.

Lastly, Taylor claims that defense counsel was ineffective due to his failure to request that Taylor's conditional plea be in writing. Rule 11(a)(2) of the Federal Rules of Criminal Procedure require that a conditional plea must be in writing, approved by the court and consented to by the government. The transcript of the plea hearing indicates that Taylor intended to preserve "certain issues" for appeal, but no conditional plea satisfying the requirements of Rule 11(a)(2) was entered. Taylor claims the failure of defense counsel to request that the plea agreement be in writing prevented defense counsel from raising the IADA issue on appeal.[3] However, even

---

[3]The Eleventh Circuit Court of Appeals also questioned whether Taylor could raise the Speedy Trial Act claims on appeal. The court stated that "[a]though the transcript of the Fed.R.Crim. P. Rule 11 proceedings indicates that Taylor intended to preserve 'certain issues' for appeal, no conditional plea satisfying the requirement of Rule 11(a)(2) was entered." *Taylor*, No. 04-10686, slip. op. at 2. Therefore, the court concluded that Taylor's guilty plea was unconditional. *Id.* at 3. However, because of Taylor's "reservation of his 'right to appeal certain issues' on the 'Guilty Plea Advice of Rights Certification,' together with the district court's express recognition of this reservation," the court determined that "the guilty plea may have been entered on the reasonable -- albeit mistaken -- belief that the Speedy Trial Act issue had been preserved for appeal." *Id.* Thus, although the court questioned whether Taylor could raise the Speedy Trial claims on appeal, the court addressed his Speedy Trial Act claims and held that no Speedy Trial Act violation was shown. *Id.*

if the plea agreement had been in writing and defense counsel had raised the IADA argument on appeal, the IADA claim is without merit. Therefore, Taylor cannot show that he was prejudiced by defense counsel's failure to put the plea agreement in writing. Therefore, this claim is also insufficient to establish that his counsel was constitutionally ineffective.

      An appropriate order will be entered.

      **DONE** and **ORDERED** this the 9th day of February 2007.

                                            INGE PRYTZ JOHNSON
                                            U.S. DISTRICT JUDGE

---

at 4.